UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　v.

KAJUAN MARTIN RINGO,

　　　　　Defendant.

Case No. CR13-197RSL

ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

This matter comes before the Court on "Defendant Kajuan Ringo's Motion to Revoke Detention Order" (Dkt. # 107). The Defendant asks this Court to reverse the detention order issued by the Honorable Brian A. Tsuchida, United States Magistrate Judge. See Dkt. # 33. For the reasons set forth below, the Court finds that no condition or combination of conditions will reasonably assure the safety of other persons and the community. Therefore, the Court DENIES the defendant's motion and orders defendant be detained pending trial.

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 1

**BACKGROUND**

On June 19, 2013, a grand jury indicted Mr. Ringo on a charge of conspiracy to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Dkt. # 1. Mr. Ringo was arrested on July 11, 2013 in the Central District of California. Dkt. # 107. On the same day, he appeared at a detention hearing and arraignment before the Honorable Michael Wilner, Magistrate Judge. Dkt. # 18. Magistrate Judge Wilner ordered Mr. Ringo detained and removed to the Western District of Washington. Id. Once in this district, Judge Tsuchida ordered Mr. Ringo detained pending trial at a hearing on July 23, 2013, despite Pretrial Services' recommendation for release with conditions. Dkt. # 33. Judge Tsuchida found no conditions of release that would guarantee the safety of the community. Id.

On August 14, 2013, a grand jury returned a First Superseding Indictment charging Mr. Ringo with four criminal violations: Count One, conspiracy to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and § 846; Count Two, distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); Count Six, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and Count Seven, conspiracy to launder money in violation of 18 U.S.C. § 1956(h). Dkt. # 46. The Honorable Mary Alice Theiler, Magistrate Judge, ordered that Mr. Ringo's detention be continued on the same day. Dkt. # 48. On August 28, 2013, Mr. Ringo appeared before the Honorable Dean Brett, Magistrate Judge, for an arraignment on the charges from the First Superseding Indictment. Dkt. # 74. Mr. Ringo pled not guilty to all charges and was remanded to custody.

On October 3, 2013, Mr. Ringo filed a motion to revoke his detention order. Dkt. # 107. Mr. Ringo cites insufficient medical care for his heart condition as support

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 2

for a release. Id. In addition, Mr. Ringo offers to have his release secured by his grandmother, who signed an affidavit of surety deeding her home, which has approximately $70,000 to $100,000 in equity. Dkt. # 107.

## DISCUSSION

### I. Standard of Review

The Court reviews the pretrial detention order of a magistrate judge de novo.[1] United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). Although the Court considers the evidence presented to the magistrate judge, it accords no deference to the magistrate judge's findings of fact and ultimate conclusion. Id. at 1193. The Court may also hold additional evidentiary hearings and consider evidence that was not before the magistrate judge. Id.

### II. Bail Reform Act

The Bail Reform Act requires a court to order detention of a person pending trial upon finding, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). To prevent a defendant's release, the government must prove that a defendant is a danger to the community by clear and convincing evidence, or it must prove that a defendant is a flight risk by a clear preponderance of the evidence. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

Pretrial detention should only be granted "in rare circumstances . . . and any doubts

---

[1] While the Government correctly cites United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) for the assertion that a district court's factual findings concerning the danger that a defendant poses to the community are reviewed by the Ninth Circuit under a "deferential, clearly erroneous standard," the defendant here is challenging the magistrate judge's order, not the district court's order.

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 3

regarding the propriety of release should be resolved in the defendant's favor." <u>United States v. Gebro</u>, 948 F.2d 1118, 1121 (9th Cir. 1991).  The Court may impose conditions that it deems necessary to guard against a defendant's flight or danger to the community. <u>See</u> 18 U.S.C. § 3142(c).  In deciding whether conditions could reasonably assure the defendant's appearance and the safety of the community, the Court evaluates four factors: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Section 3142(e) provides that a rebuttable presumption against pretrial release exists when a court finds probable cause that the defendant committed an offense under 21 U.S.C. § 841 or 18 U.S.C. § 924(c). <u>See</u> 18 U.S.C. § 3142(e)(3)(A)-(B).  For purposes of § 3142(e), an indictment by a grand jury establishes probable cause triggering the presumption. <u>See</u> <u>United States v. Ward</u>, 63. F. Supp. 2d 1203, 1209 (C.D. Cal. 1999).  In order to rebut the presumption, the defendant must produce evidence that he does not pose a danger to the community or a risk of flight. <u>United States v. Abad</u>, 350 F.3d 793, 797 (8th Cir. 2003).  Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government. <u>United States v. Hir</u>, 517 F.3d 1081, 1086 (9th Cir. 2008).  The presumption is not erased when a defendant produces evidence to rebut it; rather the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." <u>Id.</u>, (citing <u>United States v. Dominguez</u>, 783 F.2d 702, 707 (7th Cir.1986)).

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 4

## A.     PRESUMPTION AGAINST DEFENDANT'S RELEASE

### 1. Statutory Presumption

Mr. Ringo is charged with violating § 841 of the Controlled Substances Act. See 21 U.S.C. § 841(a)(1) (prohibiting the manufacturing and distribution of controlled substances). Under §841(b)(1)(C), the maximum prison term for violation of §841(a)(1) of a schedule I controlled substance ranges from 20 years to life imprisonment. A grand jury returned an indictment against Mr. Ringo for conspiring to distribute oxycodone and distributing oxycodone. Dkt. # 46. As a result, probable cause exists that Mr. Ringo committed an offense under the Controlled Substance Act that carries a maximum term of imprisonment of ten or more years, and a rebuttable presumption arises against his release. See 18 U.S.C. § 3142(e)(3)(A).

In addition, a grand jury returned an indictment against the Mr. Ringo for possessing a firearm in furtherance of a drug trafficking crime. Dkt. # 46. Therefore, probable cause exists that Mr. Ringo committed an offense under 18 U.S.C. 924(c), and a rebuttable presumption arises against his release. See 18 U.S.C. § 3142(e)(3)(B). In order to overcome the presumption against his release, Mr. Ringo must produce evidence showing that he is not a risk of flight or a danger to the community.

### 2. Defendant's Rebuttal

During the hearings before the magistrate judge and this Court, Mr. Ringo produced evidence of family ties to prove he does not pose a risk of flight. The Court notes that Mr. Ringo has a two year old son, and that he has close relatives in Los Angeles. The Court finds this evidence suffices to meet his burden of production in relation to the risk of flight. See Abad, 350 F.3d at 797.

Mr. Ringo produces no evidence, however, to counter the presumption that he

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 5

poses a danger to the community.  Mr. Ringo argues that under <u>Dominguez</u>, a Seventh Circuit decision, a court cannot detain him as dangerous under § 3142(e) even if the presumption is not rebutted unless the court finds that no release conditions will reasonably assure the safety of the community.   783 F.2d at 707.  Unlike the petitioners in <u>Dominguez</u>, who had no criminal history, Mr. Ringo has been convicted of felony assault with a deadly weapon.  Dkt. # 109.  The government alleges that Mr. Ringo possessed several firearms at the time of his arrest.  <u>Id.</u>  This is a clear violation of the terms of his probation, which prohibit him from possessing firearms.[2]  Dkt. # 109.  Accordingly, the Court finds that Mr. Ringo not only has failed to rebut the presumption of danger to the community, but that he poses a real danger to the community.

Although Mr. Ringo produced some evidence rebutting the presumption against release, the Court considers this as just one factor in its analysis.  <u>See</u> <u>Abad</u>, 350 F.3d at 798.  The Court finds that application of the additional statutory factors also requires defendant's detention pending trial.[3]

**B.    THE STATUTORY FACTORS WEIGH AGAINST RELEASING DEFENDANT PENDING TRIAL**

**1.    Nature and Seriousness of the Offense**

Mr. Ringo is charged with serious offenses involving the distribution of large quantities of a schedule I controlled substance, oxycodone.  <u>See</u> <u>United States v. Christie</u>, 10-00384SOM, 2010 WL 2900371, at *4 (D. Haw. July 20, 2010) ("The nature of the offense weighs strongly in favor of detention, as the distribution of drugs is a serious

---

[2] This allegation directly contradicts Mr. Ringo's assertion that "he had complied with the conditions of his probation." Dkt. # 107.

[3] Where a defendant produces evidence that he does not pose a flight risk or danger to the community, the Court may still consider the presumption as a factor in determining whether he should be detained pending trial. <u>See</u> <u>Abad</u>, 350 F.3d at 797.

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 6

offense." (citing United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990))). The United States alleges that Defendant played a leading role in a drug trafficking organization ("DTO") conspiracy that transported oxycodone from Southern California to Seattle. In addition, the United States alleges that Defendant possessed an AK-47 type semiautomatic rifle and two handguns while participating in the DTO. Dkt. # 109. Because Mr. Ringo allegedly possessed firearms and trafficked in controlled substances, this first factor weighs heavily in favor of pretrial detention.

### 2.    Weight of the Evidence

The second factor also weighs in favor of detention. Law enforcement found Mr. Ringo's fingerprints on a 4,000 pill package that was seized. Dkt. # 109. The government also alleges that he also sold 200 pills to an undercover law enforcement agent. Id. Mr. Ringo was in possession of three firearms at the time of his arrest, which was a violation of his probation. Id. In addition, Mr. Ringo was in possession of $19,880 in cash at the time of his arrest, allegedly drug proceeds. Id. While the weight of the evidence is the least important factor, see Motamedi, 767 F.2d at 1408, it nonetheless weighs against releasing Defendant pending trial.

### 3.    Defendant's Character, Physical and Mental Condition, Family Ties, and Past Substance Abuse and Criminal History

This factor weighs against release as well. Mr. Ringo was on probation for a felony assault with a deadly weapon when he was arrested. The combination of his felony conviction for assault and his possession of firearms at the time of his arrest supports a finding that Mr. Ringo poses a risk of danger to the community.

Mr. Ringo raises the issue of his medical condition and argues that he is receiving insufficient medical treatment in custody. The United States provided information to show that Mr. Ringo is receiving adequate medical treatment. Dkt. # 111. The Regional

Counsel's Office for the Federal Bureau of Prisons indicated that all of Mr. Ringo's medical needs are being met at the Federal Detention Center. Id.

Mr. Ringo also argues that his family ties prevent him from being a flight risk and a danger to the community. Dkt. #107. Mr. Ringo's family ties have not prevented him from allegedly breaking the conditions of his probation by possessing firearms and allegedly trafficking in controlled substances. Dkt. # 109. For all these reasons, the Court finds this factor weighs in favor of pretrial detention.

### 4. Nature and Seriousness of the Danger to Any Person or the Community

Analysis under the three prior factors illustrates the danger Mr. Ringo poses to individual persons and the community. The United States alleges Mr. Ringo acted as a leader in a conspiracy involving distribution of oxycodone, and that he makes a show of his firearms. The alleged facts of this case illustrate the inherent danger illegal drug distribution poses to communities. See United States v. Bethea, 763 F. Supp. 2d 50, 54 (D.D.C. Cir. 2011) ("The purchase and sale of narcotics is an inherently dangerous activity.").

### CONCLUSION

All statutorily prescribed factors, including the presumption against release, weigh in favor of detaining Mr. Ringo pending trial. Mr. Ringo allegedly engaged in activities involving large quantities of drugs, dangerous weapons, and money laundering. The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Mr. Ringo is released on bond.

\*   \*   \*

For all of the foregoing reasons, and based on its de novo review of the record, the

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 8

1  Court DENIES Defendant's "Motion to Revoke Detention Order," (Dkt. # 107), and
2  orders Defendant detained pending trial.

DATED this 1st day of November, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 9